UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARCUS ROGOZINSKI,

     Petitioner,

-vs-                           Case No.  6:10-cv-1144-Orl-31DAB
                                  (6:08-cr-28-Orl-31DAB)

UNITED STATES OF AMERICA,

     Respondent.

_____/

## ORDER

     This case involves an amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 5) filed by Marcus Rogozinski.  The Government filed a response (Doc. No. 14) to the section 2255 motion in compliance with this Court's instructions and with the *Rules Governing Section 2255 Proceedings for the United States District Courts*.  Petitioner filed a reply (Doc. No. 15) to the response.

     Petitioner alleges four claims for relief in his motion:  first, he received ineffective assistance of trial counsel; second, he "was tried and sentenced by a biased judge"; third, his direct appeal "was not decided by a panel of Article III federal appellate court judges"; and fourth, he "was indicted and/or convicted on perjured testimony."

## I.      Procedural History

Petitioner and another individual were charged in a three-count indictment with the commission of various crimes (Criminal Case No. 6:08-cr-28-Orl-31DAB Doc. No. 21, filed February 13, 2008).[1]  A jury trial was held, and Petitioner was found guilty as charged.  *See* Criminal Case Doc. No. 97.  The Court adjudicated Petitioner guilty of conspiracy to commit bank fraud (count one), bank fraud (count two), and passing a fictitious instrument (count three) and sentenced him to imprisonment for a total term of 72 months.  *See* Criminal Case Doc. No. 121.  Petitioner filed a direct appeal, and the Eleventh Circuit Court of Appeals affirmed in a written, unpublished opinion.  *See* Criminal Case Doc. No. 200.

## II.     Analysis

## A.     Claim One

Petitioner argues that he received ineffective assistant of counsel because counsel 1) "just sat there while the prosecutor engaged in repeated acts of misconduct," 2) refused to file "pretrial motions in order to preserve certain issues for appeal," and 3) labored under a conflict of interest.

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: 1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and

---

[1]Hereinafter Criminal Case No.6:08-cr-028-Orl-31DAB will be referred to as "Criminal Case."

2) whether the deficient performance prejudiced the defense.[2]  *Id.* at 687-88.  A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  *Id.* at 689-90.  "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

    1.    *Issue One*

    Petitioner states that counsel "just sat there while the prosecutor engaged in repeated acts of misconduct."   Although Petitioner mentions that the prosecutor "repeatedly introduced facts not in evidence," he provides no specific instances of the alleged misconduct, and he has failed to demonstrate that the prosecutor engaged in improper conduct.   Under the circumstances, this claim is too vague to demonstrate ineffective assistance based on the failure to object to prosecutorial misconduct.  *See Avincola v. Stinson,*  60 F. Supp. 2d 133, 161 (S.D.N.Y. 1999) (when the petitioner only refers in general language to the prosecutor's improper arguments, this vague claim is vague and insufficient to state a prosecutorial misconduct claim).

    In addition, there is nothing in the record showing that the prosecutor's alleged misconduct "so infected the trial with unfairness as to make the conviction a denial of due

---

[2]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

process." *See Darden v. Wainwright*, 407 U.S. 168, 181 (1986) (quotation omitted) (citation omitted).  In fact, the Eleventh Circuit Court of Appeals, on direct appeal, addressed Petitioner's claim of prosecutorial misconduct and found that there was no prosecutorial misconduct and that there was no basis for ordering a new trial or declaring a mistrial.

Further, even assuming that Petitioner's counsel should have raised objections to the prosecutor's conduct, there has been no showing that the prosecutor's actions rendered the trial fundamentally unfair.  Thus, Petitioner has not shown that, had his attorney contemporaneously objected to the alleged improper conduct, the outcome would have been any different.  Consequently, Petitioner has not shown that counsel acted deficiently or that he sustained prejudice with regard to this matter.

     2.    *Issue Two*

Petitioner alleges that counsel  refused to file "pretrial motions in order to preserve certain issues for appeal."  In his reply, he mentions that he told counsel to file a motion for discovery and a motion for disclosure of the grand jury transcripts.

The failure to file a pretrial motion is not *per se* ineffective assistance of counsel.  *See Kim v. United States*, 2009 WL 2151124, at *2 (D.N.D. July 15, 2009).  Furthermore, the failure to file a pretrial motion is not ineffective assistance of counsel if there is not a reasonable probability of success.  *Id.*  Judicial scrutiny of counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment.  *See Strickland*, 466 U.S. at 689.

Petitioner has failed to provide the Court with particularized allegations as to how the discovery of evidence or the review of grand jury transcripts would have affected the outcome of the trial. His allegation that "the agents" committed perjury is based on speculation and conjecture.

In addition, Petitioner has not specifically alleged any other particular pretrial motions his counsel should have filed, nor has he demonstrated a reasonable probability of success of any such motion. The Court notes that, prior to trial, an *ex parte* hearing was held regarding whether Petitioner's counsel should continue to represent Petitioner. At that hearing, Petitioner's counsel explained the discovery he had conducted in this case, the reasons why he decided not to pursue certain discovery, and his overall strategy with regard to discovery. *See* Criminal Case Doc. No. 100, Transcript of Trial, Volume I at 26-28. In fact, Petitioner's counsel specifically mentioned that he had been provided with a transcript of the grand jury testimony of Agent Dobson, that he had provided Petitioner with the transcript, and that he felt there was no basis to move to dismiss the indictment based on perjured testimony. *Id*. at 29-30. Clearly, Petitioner's counsel did not act deficiently with regard to this matter.

Having reviewed the allegations as a whole, the Court concludes that Petitioner has failed to allege sufficient facts to establish ineffective assistance of counsel and his claims on the above points are without merit. *See United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir.1998) ("With respect to his claim of ineffective assistance of counsel, Flores fails to make particularized allegations or to identify probative evidence in the record tending to support

5

his allegations. Having reviewed the record, we find no evidence tending to support Flores' claim, and accordingly find it to be fatally conclusory and without merit."). Thus, he has not overcome the strong presumption that counsel's conduct was reasonable.

Moreover, Petitioner has not stated any facts showing how counsel's failure to file pretrial motions prejudiced him. He has made no showing that his situation would be different if counsel had filed pretrial motions. Therefore, even if counsel was deficient for failing to file a pretrial motion, Petitioner has not established the prejudice element required to sustain an ineffective assistance of counsel claim. For the foregoing reasons, Petitioner's claim for relief based on ineffective counsel for failure to file pretrial motions is without merit.

3.      *Issue Three*

Petitioner asserts that his counsel labored under a conflict of interest. Although Petitioner does not provide specifics regarding this issue, it appears to relate to a civil complaint that he filed against his counsel in this Court. *See* Case Number 6:08-cv-949-Orl-31GJK.[3]

---

[3]In the complaint, Petitioner alleged, among other matters, that Defendants, Magistrate Judge Karla R. Spaulding and Clarence Counts, conspired to keep Petitioner from successfully defending himself in his criminal case; that Mr. Counts violated his civil rights by refusing to file pretrial motions on his behalf in the criminal case; and that Magistrate Judge Spaulding violated his civil rights by denying his request for new counsel in that case and requiring him to file any further motions through Mr. Counts. The Court dismissed the complaint with prejudice, and the Eleventh Circuit Court of Appeals affirmed.

The issues of whether Petitioner's counsel labored under a conflict of interest and Petitioner's counsel should be allowed to withdraw were discussed prior to trial. *See* Criminal Case Doc. No. 100, Transcript of Trial, Volume I at 21. After a hearing thereon, the Court noted that the filing of the civil complaint created "the appearance of some sort of legal conflict, [but was] really just [Petitioner's] way to bring his dissatisfaction [with counsel's representation] to [the Court's] attention." *Id.* at 32. As a result, the civil complaint was found to be patently frivolous, and it was dismissed with prejudice prior to trial. *Id.*

"In order to establish an ineffective assistance of counsel claim arising from an alleged conflict of interest, a defendant 'must demonstrate that an actual conflict of interest adversely affected his lawyer's performance.'" *Lightbourne v. Dugger*, 829 F.2d 1012, 1023 (11th Cir. 1987) (quoting *Oliver v. Wainright*, 782 F.2d 1521, 1524 (11th Cir. 1986)). A potential, speculative, or hypothetical conflict is insufficient. *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980). However, the mere possibility of a conflict of interest "is insufficient to impugn a criminal conviction." *Cuyler*, 446 U.S. at 350.

In this case, the record fails to demonstrate that Petitioner's trial counsel actively represented conflicting interests. Petitioner raises vague and conclusory allegations of a conflict of interest, which are devoid of any supporting factual allegations and do not demonstrate a conflict of interest. The mere fact that Petitioner and his counsel disagreed on trial strategy does not demonstrate a conflict of interest. Petitioner's vague and conclusory allegations fail to establish that his counsel actively represented conflicting

7

interests and that the conflict of interest adversely affected his counsel's performance. Hence, this issue is without merit.

**B.     *Claim Two***

Petitioner states that  he "was tried and sentenced by a biased judge."  Petitioner mentions that the undersigned was "in a lot of pain and not able to conduct a fair trial . . . ."  This claim was raised on direct appeal, and the appellate court found that "[a]lthough the judge mentioned that his back required him to walk occasionally behind the bench and caused him to shorten deliberations one afternoon, the record does not suggest that these instances impaired the ability of the court to complete its duties or affected its impartiality."  *See* Criminal Case Doc. No. 200 at 13.

"[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be relitigated in a collateral attack under section 2255." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) (citation omitted) (quotation omitted); *see also United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2000) (claims raised and decided on direct appeal cannot be relitigated in a section 2255 motion).  "[A] section 2255 motion is neither a recapitulation of nor a substitute for a direct appeal." *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996) (citation omitted) (quotation omitted).  Hence, this claim, which was raised and considered on direct appeal, cannot be relitigated in a section 2255 motion.  Petitioner has failed to set forth any grounds that demonstrate the necessity for reconsideration of this claim, and it is denied.

The Court also notes that the substantive standard for recusal, whether sought under 28 U.S.C. section 144 or section 455, is equivalent: "[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *See United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (citation omitted) (quotation omitted). Here, Petitioner's conclusory allegations of bias fail to establish legally sufficient grounds for judicial bias.

## C.      *Claim Three*

Petitioner states that his direct appeal "was not decided by a panel of Article III federal appellate court judges." According to Petitioner, the appellate opinion rendered in his case was "actually authored" by a "staff attorney or law clerk," and, therefore, his appeal was not adjudicated by "Article III federal judges."

It does not appear that this claim is cognizable under section 2255. "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence" *Rogers v. United States,* 180 F.3d 349, 357 n.15 (10th Cir. 1999) (citations omitted) (quotation omitted). This claim involves the review of Petitioner's direct appeal, which is not within the scope of section 2255.

In any event, aside from vague and conclusory allegations, Petitioner has not established that his appellate case was decided by non-Article III judges. Therefore, this claim is denied.

## D.      *Claim Four*

9

Petitioner states that he "was indicted and/or convicted on perjured testimony." This claim was not raised on direct appeal and is procedurally barred. *See Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994) ("When a defendant fails to pursue an available claim on direct appeal, it will not be considered in a motion for § 2255 relief unless he can establish cause for the default and actual prejudice resulting from the alleged error.").[4]  In the present case, Petitioner has not alleged or otherwise demonstrated cause or prejudice with regard to his failure to raise this claim on direct appeal.  Likewise, Petitioner has neither alleged nor shown the applicability of the fundamental miscarriage of justice exception.  The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar.  Therefore, Petitioner's failure to raise this claim on direct appeal constitutes a waiver and bars him from raising this claim in the instant proceeding.

Moreover, aside from self-serving and conclusory allegations, Petitioner has failed to demonstrate that the indictment or the conviction in this case resulted from perjured testimony, and this claim is denied on the merits.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

---

[4]Alternatively, under the fundamental miscarriage of justice exception, when a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant relief in the absence of a showing of cause for the procedural default.  *Mills*, 36 F.3d at 1055.

1.      The amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Marcus Rogozinski (Doc. No. 5) is **DENIED**.

2.      This case is **DISMISSED** with prejudice.

3.      The Clerk of the Court shall enter judgment accordingly and is directed to close this case.  A copy of this Order and the judgment shall also be filed in criminal case number .

4.      The Clerk of the Court is directed to terminate the § 2255 motion (Criminal Case Doc. No. 240) filed in criminal case number 6:08-cr-28-Orl-31DAB.

5.      This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Petitioner has failed to make a substantial showing of the denial of a constitutional right.[5]  Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Orlando, Florida, this 20th day of July, 2011.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-2 7/20
Marcus Rogozinski
Counsel of Record

---

[5]Pursuant to Rule 11 of the *Rules Governing Section 2255 Proceedings for the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).  If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.  A motion to reconsider a denial does not extend the time to appeal.